**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **DAVID C. LETTIERI,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**FEDERAL MEDICAL CENTER DEVENS SOMP,**<br><br>**Respondent.** | ) | **Civil Action No. 26-12828-DJC** |

**ORDER**

**CASPER, C.J.** **October 5, 2026**

Petitioner David C. Lettieri, a prisoner at FMC Devens who is proceeding *pro se*, has filed a petition under 28 U.S.C. § 2241 ("§ 2241"), D. 1, in which he asks that this Court to order the probation department to remove certain information from the presentence report. Id. at ¶ 15 (request for relief). Petitioner is serving a sentence that was imposed in United States v. Lettieri, No. 21-cr-00020 (W.D.N.Y.). Id. at ¶ 4. Attached to the petition are 83 pages of exhibits consisting of instructions for access to inmate central files, a transcript from a May 28, 2024 sentencing proceeding, and a written communication from a Devens SOP Specialist to Petitioner dated June 3, 2026. D. 1-1. Lettieri filed a memorandum of law that primarily consists of a recounting of Lettieri's efforts to challenge the accuracy of his presentence report as well as the mandatory nature of his participation in the Sex Offender Management Program ("SOMP"). D. 3.

The Petition has not been served pending the Court's preliminary review of the pleading. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas

corpus] that the applicant ... is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1]

To the extent Lettieri alleges that Devens officials wrongfully relied on allegedly false information in the presentence investigation report ("PSR") in United States v. Lettieri, No. 21-cr-00020 (W.D.N.Y.), such PSR is a court document that cannot be changed except upon order of the sentencing court. See Lettieri v. Federal Medical Center Devens, No. 26-cv-12896-LTS, 2026 WL 2410397 at *1 (D. Mass. Aug 18, 2026) (noting that "[a]ny challenge to the presentence report must be made with the sentencing court—in this case, the United States District Court for the Western District of New York"). "Even then, the jurisdiction of the sentencing court to alter the PSR is limited." Aguiar v. Bowers, No. 25-cv-11307-ADB, 2026 WL 2447950 at * 1 (D. Mass. Aug. 20, 2026) (citing United States v. Decker, No. 24-11466, 2025 WL 1452601, at *1 (11th Cir. 2025) (per curiam)). Thus, this Court is without jurisdiction to order the removal of information from the PSR.

To the extent Lettieri challenges his "mandatory" participation in SOMP based on false information in his PSR, see D. 3 at 1, such challenge can be construed as a challenge to Lettieri's Public Safety Factor ("PSF") classification. Such a claim can be brought in a § 2241 habeas petition because it challenges "'the manner, location, or conditions of [Lettieri's] sentence's execution[.]'" Martinez v. Spaulding, No. 18-11449-ADB, 2021 WL 4080051, at *4, 8 (D. Mass. Sept. 8, 2021) (acknowledging that "[c]ourts in this district have analyzed challenges to the BOP's classifications in the context of § 2241 petitions") (quoting Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001)); see Golden v. Sabol, 575 F. Supp. 2d 280, 282 (D. Mass. 2008)

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts—made applicable to 28 U.S.C. § 2241 cases through Rule 1(a)—a judge must dismiss a petition if it clearly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.

(considering, but ultimately finding as moot, claim raised in § 2241 petition challenging "Sex Offender" PSF and "the adverse conditions that [petitioner] alleges ensued from that classification").

Lettieri, however, has not alleged exhaustion of his administrative remedies before filing this Petition. The BOP's Administrative Remedy Program, codified in 28 C.F.R. §§ 542.10-19, sets forth a multi-level system for federal inmates to seek review on issues related to their confinement. See 28 C.F.R. §§ 542.10-19.[2] "Generally speaking, a plaintiff's failure to exhaust h[is] administrative remedies precludes h[im] from obtaining federal review of claims that would have properly been raised before the agency in the first instance." Brito v. Garland, 22 F.4th 240, 255 (1st Cir. 2021).

Courts have recognized an exception to the administrative-exhaustion requirement "where a petitioner can show that fulfilling the requirement would be futile." Levine v. U.S. Dep't of Fed. Bureau of Prisons, No. 20-11833-ADB, 2021 WL 681689, at *3 (D. Mass. Feb. 22, 2021). Lettieri filed a copy of a staff message dated June 3, 2026 directing Lettieri to the SOMP criteria contained in the SOMP the inmate handbook, see D. 1-1 at 83, however, Lettieri has not alleged that he initiated, nor completed, the administrative remedy process concerning a challenge to his mandatory SOMP participation. Here, the Court finds no reason to waive the administrative exhaustion requirement.

---

[2] An inmate must first informally raise the issue with correctional-facility staff. See 28 C.F.R. § 542.13. If the issue is not informally resolved, the inmate may initiate the formal administrative-remedy process by submitting a Request for Administrative Remedy to the facility warden. See id. § 542.14. That first formal step is known as BP-9. Id. If the request to the warden is unsuccessful, the prisoner may move on to the BP-10 step by submitting an appeal to the Regional Director. See id. § 542.15. Upon receiving a rejection from the Regional Director, the inmate may proceed to the final BP-11 step by filing an appeal with the BOP's Office of General Counsel. Id. Under the governing regulations, a prisoner is deemed to have fully exhausted his administrative remedies only after receiving a BP-11 ruling from the Office of General Counsel. See id. § 542.15(a).

For the foregoing reasons, the Court DENIES the Petition and this action is DISMISSED. The Clerk shall enter a separate Order of Dismissal.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
Chief United States District Judge